UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| PIUS BARIKPOA NWINEE, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18 CV 1460 (JMB) |
| | ) | |
| ST. LOUIS DEVELOPMENTAL | ) | |
| DISABILITIES TREATMENT CENTERS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to file an amended complaint. Defendants have filed a response in opposition to the motion. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**I. Background[1]**

Plaintiff Pius Barikpoa Nwinee, who proceeds *pro se*, has been employed since June 2012 as a Developmental Assistant by defendant St. Louis Developmental Disabilities Treatment Center, a facility under the Missouri Department of Health. He holds a bachelor's degree in criminal justice and criminology and a master's degree. First Amended Complaint at ¶¶ 3, 16, 19 [Doc. # 19]. He alleges that he applied for other positions advertised within the state system but was never interviewed. In July 2016, plaintiff protested in writing to the director of the Division of Personnel. Id. at ¶¶ 22-23. On October 13, 2017, plaintiff applied for the position of Unit Program Supervisor. He alleges that on November 15, 2017, defendant Melisa Theis,

---

[1] The Court accepts the allegations in plaintiff's pleadings as true for the purposes of the present motion.

acting director of the Office of Administration's Division of Personnel, removed plaintiff's name and application from the state register, thereby denying him the opportunity to be hired for the position of Unit Program Supervisor. Id. at 24, 26. In November 2017, another Unit Program Supervisor position was advertised. Plaintiff was not given an opportunity to interview for the position. Id. at ¶ 35. On November 20, 2017, Michelle Stach, assistant superintendent of the St. Louis Developmental Disabilities Treatment Center, told plaintiff that he was not eligible for the position because he had not worked as a "habilitation officer." In addition, she told him he had an accent. Id. at ¶ 28, 30. Plaintiff filed a complaint with the Administrative Hearing Commission, which he subsequently withdrew. Id. at ¶¶ 33-34, 36, 40. He also wrote a letter to "Jefferson City" to expose "unethical and unprofessional conduct" that defrauded the State of Missouri by giving "unearned time" to employees. Id. at 38.

Plaintiff alleges that the defendants' conduct was motivated by discrimination on the basis of race and national origin and that he was exposed to a hostile environment. On July 17, 2018, he filed suit in the St. Louis County Circuit Court, asserting claims under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*, and the "Missouri Civil Rights Act." Defendants removed the action to this court, invoking federal question jurisdiction under 28 U.S.C. § 1331.

On October 23, 2018, the Court entered a Case Management Order that established November 15, 2018, as the deadline for amending pleadings or adding parties. [Doc. # 16]. On November 15, 2018, plaintiff filed an amended complaint to name Bellefontaine Habilitation Center as an additional defendant. [Doc. # 19]. On November 26, 2018, the Court entered an order reminding plaintiff that he was required to serve the new defendant with a summons and a copy of the complaint within 90 days. The Court also provided instructions about how to request summonses and achieve service and provided plaintiff with the necessary forms. [Doc. # 20].

The docket record does not contain any entry indicating that plaintiff submitted the completed forms and no proof of service on Bellefontaine Habilitation Center has been filed.

Plaintiff now seeks leave to amend his complaint to again add Bellefontaine Habilitation Center. He also attempts to add new claims under that defendants' conduct violated his rights under the First Amendment and the Missouri Whistleblower Act. The proposed amended complaint does not make new factual allegations but does provide additional detail to some of his existing allegations. Defendants object that the time for amending pleading and joining parties has long since passed and that discovery has proceeded on the existing complaint.

## II. Discussion

The Case Management Order established November 15, 2018, as the deadline for amending pleadings and joining parties. In order to amend after this deadline, plaintiff must satisfy the standard for modifying scheduling orders.[2] Under Rule 16, a case management order "may be modified only for good cause." Fed.R.Civ.P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008) (quoting Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006)). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Id. at 717; see Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003) (affirming the

---

[2] In support of his motion for leave to amend, plaintiff relies on Rule 15(a), Fed.R.Civ.P, which governs the pretrial amendment of pleadings and provides that where an amendment is not sought "as a matter of course"—as defined by the Rule—"a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Winco Fireworks, Inc., 532 F.3d at 715 (quoting Fed.R.Civ.P. 15(a)(2)). However, once the time for amending pleadings and joining parties as established by a scheduling order has expired, the party seeking leave must satisfy Rule 16(b)'s "good cause" standard. Id.

3

district court's denial of plaintiff's motion to amend her complaint for failure to show good cause); Trademark Med., LLC v. Birchwood Labs., Inc., 22 F. Supp. 3d 998, 1004 (E.D. Mo. 2014) (rejecting plaintiff's argument that new discovery justified late amendment of pleadings).

In his motion, plaintiff states that during discovery he recalled some facts that he had omitted from his first amended complaint and discovered that he might have a cause of action under the Missouri Whistleblowers Act. He does not argue that he learned of new material facts that were not available to him when he filed his first amended complaint. The Court finds that plaintiff has not demonstrated the necessary diligence to add new causes of action under the First Amendment and Missouri Whistleblower Act.

Plaintiff's request to join Bellefontaine Habilitation Center as an additional party is moot because it was joined in November 2018 when plaintiff filed his amended complaint. His time for achieving service on this defendant expired long ago, however, and under Rule 4(m), the Court must dismiss plaintiff's claim against this defendant without prejudice, unless plaintiff can show good cause for his failure to timely serve. The Court will give plaintiff an opportunity to show the necessary good cause.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to amend the complaint [Doc. # 37] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **July 1, 2019**, to show good cause for his failure to timely serve defendant Bellefontaine Habilitation Center.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of June, 2019.