UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PIUS BARIKPOA NWINEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18 CV 1460 (JMB) |
| ) | |
| ST. LOUIS DEVELOPMENTAL ) | |
| DISABILITIES TREATMENT CENTERS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion to compel plaintiff's responses to interrogatories and requests for production. Plaintiff has filed a response. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**I.     Background**

Plaintiff Pius Barikpoa Nwinee, who proceeds *pro se*, has been employed since June 2012 as a Developmental Assistant by defendant St. Louis Developmental Disabilities Treatment Center. He alleges that he has been denied the opportunity to interview for supervisory positions based on his race and national origin. He asserts claims under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.,* and the "Missouri Civil Rights Act."

On January 31, 2019, defendants propounded their first sets of interrogatories and requests for production. In his responses provided on March 4, 2019, plaintiff failed to answer or gave incomplete responses to many of the requests. After a number of phone conversations,

plaintiff provided supplemental responses to interrogatories and produced some documents. Defendants argue that his responses remain incomplete or are otherwise deficient and, further, that plaintiff has waived the right to object.

**II.    Legal Standard**

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. See Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."). Rule 26 governs the scope of discovery and provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." Morrison v. Hale, No. 4:17-CV-875-NAB, 2018 WL 1792208, at *1 (E.D. Mo. Apr. 16, 2018) (quoting Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). "Upon a showing by the requesting party that the discovery is relevant, the burden is on the party resisting discovery to explain why discovery should be limited." Id. (quoting CitiMortgage, Inc. v. Allied Mortg. Group, Inc., 4:10CV1863 JAR, 2012 WL 1554908, at *2 (E.D. Mo. May 1, 2012)). In addition, Rule 26(b)(1) requires that the requested information be proportional to the needs of the case, giving due consideration to the importance of the information, issues of access, and the balance between the burden of production and expense and the benefit of the information. Amador v. U.S. Bank Nat'l Ass'n,

No. CV 16-00600 (SRN/HB), 2017 WL 5151680, at *5 (D. Minn. Nov. 6, 2017). Thus, district courts are empowered to limit the scope of allowable discovery if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

Defendants argue that plaintiff waived all objections to the interrogatories and requests for production of documents by failing to assert them in a timely manner or state them with specificity. See Fed. R. Civ. P. 33(b)(4) and 34(b)(2). Rule 33(b)(4) provides that "[a]ll grounds for an objection to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); see also BancorpSouth Bank v. RWM Props. II, LLC, No. 4:11-CV-373 (JCH), 2012 WL 3939972, at *1 (E.D. Mo. Sept. 10, 2012) ("Even an objection that the information sought is privileged is waived by a failure to make it within the proper time limits."). Similarly, Rule 34(b)(2)(B) requires that objections to requests for production of documents be stated with specificity. Unlike Rule 33(b)(4), however, Rule 34 does not explicitly provide untimely objections results in waiver of those objections. See Klein v. Affiliated Grp., Inc., No. 18-CV-949 DWF/ECW, 2019 WL 1307884, at *5 (D. Minn. Mar. 22, 2019). Nonetheless, "courts uniformly conclude that an objection [to either] may be waived if it is not timely raised and good cause for the delay is not shown." Parshall v. Menard, Inc., No. 4:16-CV-828 (CEJ), 2016 WL 7188125, at *1 (E.D. Mo. Dec. 12, 2016) (string cite omitted); see also Klein, 2019 WL 1307884, at *5 (citing cases from D. Minn.).

After reviewing defendants' discovery requests and plaintiff's responses and supplemental responses, the Court believes that the issues raised are most efficiently addressed at

a hearing. Defendants should be prepared to briefly address the relevance of their requests. Plaintiff should be prepared to provide complete responses to the disputed discovery requests.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is set for hearing on **Tuesday, July 16, 2019, at 2:30 p.m.**

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of June, 2019.