UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


PIUS BARIKPOA NWINEE,                    )
                                          )
         Plaintiff,                       )
                                          )
    vs.                                   )          Case No. 4:18 CV 1460 (JMB)
                                          )
ST. LOUIS DEVELOPMENTAL                   )
DISABILITIES TREATMENT CENTERS,           )
et al.,                                   )
                                          )
         Defendants.                      )


## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to compel plaintiff's responses to interrogatories and requests for production, to which plaintiff has filed a response. The issues were addressed at a hearing on July 16, 2019.[1]

### I.    Background

Plaintiff Pius Barikpoa Nwinee, who proceeds *pro se*, has been employed since June 2012 as a Developmental Assistant by defendant St. Louis Developmental Disabilities Treatment Center. He alleges that he has been denied the opportunity to interview for supervisory positions based on his race and national origin. He asserts claims under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*, and the "Missouri Civil Rights Act."

On January 31, 2019, defendants propounded their first sets of interrogatories and requests for production. In his responses provided on March 4, 2019, plaintiff failed to answer or gave incomplete responses to many of the requests. After a number of phone conversations,

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

plaintiff provided supplemental responses to interrogatories and produced some documents. Defendants argue that his responses remain incomplete or are otherwise deficient.

## II.    Discussion

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. See Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."). Rule 26 governs the scope of discovery and provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." Morrison v. Hale, No. 4:17-CV-875-NAB, 2018 WL 1792208, at *1 (E.D. Mo. Apr. 16, 2018) (quoting Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). "Upon a showing by the requesting party that the discovery is relevant, the burden is on the party resisting discovery to explain why discovery should be limited." Id. (quoting CitiMortgage, Inc. v. Allied Mortg. Group, Inc., 4:10CV1863 JAR, 2012 WL 1554908, at *2 (E.D. Mo. May 1, 2012)). The Court has reviewed defendants' discovery requests and determined that the information sought is relevant to the claims and defenses.

### III. Discussion

#### A. Information Regarding Other Disputes

In response to interrogatories 4, 19, and 20, plaintiff states that he "filed an action against St. Agnes Nursing home. The action resolved in my favored [sic]. Plaintiff lost documents on settlement because of moving." [Doc. # 39-2 at 14; 27-28]. His supplemental responses do not materially alter or add to this answer. [Doc. # 39-4 at 2, 4]. Plaintiff objects, however, that his "dispute with St. Agnes Nursing Home . . . is a matter of public records and equally open to Defendants." [Doc. # 39-4 at 4, 9]. Although plaintiff is not required to produce documents that are no longer in his possession, he must (1) state whether his dispute with St. Agnes Nursing Home was an administrative action and/or judicial action; (2) state with specificity what agency and/or court the action was filed in; (3) provide the full case name and case number; and (4) state when the action was filed. If necessary, plaintiff must consult the public record to provide this information. He should also identify the nature of his claim against St. Agnes Nursing Home; for example, employment discrimination, personal injury, breach of contract, etc. Plaintiff should also identify any public records he consulted in completing his responses.

Interrogatory 12 seeks information regarding other judicial or administrative proceedings in which plaintiff has been involved as a witness or a party, including the nature of the proceeding and his participation, the date of filing and docket number; and the present status of each proceeding and, if concluded, the nature of the disposition. In response, plaintiff stated that he "was once a plaintiff in Kiobel v. Shell . . ." [Doc. # 39-2 at 21]. In his supplemental responses, plaintiff objects that the requested information is a matter of public record and equally available to defendants. Again, plaintiff must provide the full case name and number, the court

in which it was filed, the present status of the case and, if concluded, the disposition of the case. He should again identify any public records he consults in an effort to respond.

> B.    Information Regarding Plaintiff's Employment History

Interrogatory 10 seeks information regarding plaintiff's employment history since January 2010.  Plaintiff responds that his "employment history is in [his] personnel file." Plaintiff must answer interrogatory 10 and its subparts in full.

Interrogatory 11 asks about any instances of termination or discipline related to such employment.  Plaintiff responds that this interrogatory seeks information about a "discrete separate subject."  In his supplemental response, he adds that this information was provided when he was hired.  Again, plaintiff must answer interrogatory 11 and its subparts in full.

Request for production 6 seeks all documents and electronically stored information (ESI) concerning plaintiff's employment with defendant.  In his original and supplemental responses, plaintiff addresses the basis for his claims against defendant but neither produces documents nor states that he has none in his possession.  Plaintiff must supplement his response to request 6 by either producing relevant documents and ESI or stating that responsive documents and ESI are not in his possession.

> C.    Information Regarding Bankruptcy and Finances

Interrogatory 13 asks for information about any claims for bankruptcy filed by plaintiff. In response, plaintiff states that he filed for bankruptcy but has lost all the documents during a move.  In his supplement, he states that the requested information is a matter of public record and equally available to defendant.  Plaintiff must supplement his response by stating where and when his bankruptcy was filed and what the outcome was.

Production request 1 seeks documents related to plaintiff's income and benefits (retirement, unemployment) from 2010 onward. At the hearing, plaintiff indicated that he would be willing to sign a release for defendants to obtain relevant records from the IRS.

D.     Documents Related to Present Dispute

Production requests 3, 4, and 5 seek documents relating to plaintiff's allegations that he was subjected to retaliation and discrimination. Requests 11 and 12 seek documents related to plaintiff's compensatory and punitive damages. In his responses, plaintiff provides details regarding his allegations but neither produces documents nor states that he does not have any. Production request 7 seeks any documents plaintiff possesses that he sent to or received from defendant. Plaintiff responds that defendants have all documents, "including those presented to MAHC." Request 9 seeks all documents relating to plaintiff's job performance, assignments, promotions, reviews, salary, discipline, advancement or demotions during his employment with defendant. Plaintiff responds that his personnel file is the best source for these documents. Again, plaintiff must supplement his responses by either producing responsive documents in his possession or stating that he does not possess any responsive documents.

Request 10 seeks all documents prepared or maintained by plaintiff relating to his claims. Plaintiff asserts that any such documents are protected. Defendant asserts that plaintiff has not established that he is entitled to work-product protection for the documents sought here. As plaintiff was informed at the hearing, he must provide a privilege log identifying each document by title and date, describe each document's contents in general terms, and state the basis for the claimed protection.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to compel [Doc. # 38] is **granted**.

**IT IS FURTHER ORDERED** that, not later than **July 26, 2019**, plaintiff shall supplement his responses to defendants' interrogatories and requests for production, in accordance with the discussion above. In addition, he will sign a release for his IRS records prepared for him by counsel for defendants.

_/s/ John M. Bodenhausen_____

JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of July, 2019.