UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PIUS BARIKPOA NWINEE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:18 CV 1460 (JMB) |
| ST. LOUIS DEVELOPMENTAL DISABILITIES TREATMENT CENTERS, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's additional motion for issuance of subpoenas to obtain deposition testimony of three witnesses.[1]

**I.    Background**

Plaintiff Pius Barikpoa Nwinee, who proceeds *pro se*, has been employed since June 2012 as a Developmental Assistant by defendant St. Louis Developmental Disabilities Treatment Center. Plaintiff alleges that he has been denied the opportunity to interview for supervisory positions based on his race and national origin. He asserts claims under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*, and the "Missouri Civil Rights Act." He seeks to take the depositions of defendant Melisa Theis and witnesses Valerie Huhn and Shannon Cansler.

---

[1] On October 11, 2019, plaintiff served notices of depositions for Melisa Theis and four witnesses, including Huhn and Cansler. Defendants filed a motion to quash, in response to which plaintiff filed an opposition and a motion for issuance of subpoenas. The parties appeared for a hearing on December 13, 2019. The Court granted defendants' motion to quash and denied plaintiff's motion for issuance of subpoenas without prejudice. Plaintiff was told that he could refile a motion that provided more detail regarding the information he intended to obtain through depositions. It is this second motion that is presently before the Court.

Plaintiff named Melisa Theis, the Acting Director of the Office of Administration, Division of Personnel, as a defendant, alleging that she improperly removed his name from the state employment register. Amended Complaint ¶ 26. Plaintiff now acknowledges that Ms. Theis was not the Acting Director during the relevant period and that he does not know who specifically removed his name from the state register. See Nwinee Deposition at 108-09 [Doc. # 53-3]. Nonetheless, plaintiff asserts that Ms. Theis has intimate involvement in and knowledge of the removal of his application. [Doc. # 64 at 4]. In addition, he asserts that she can provide testimony regarding the process for removing candidates from the state register. Finally, he asks her to produce documents from the personnel records of eleven individuals.

Plaintiff alleges that he was retaliated against after writing a letter to Valerie Huhn exposing predatory misconduct and misuse of government funds at the St. Louis Developmental Disabilities Treatment Center. In support of his request to depose Ms. Huhn, plaintiff states that she is in possession of "two letters and a gift of value from the management" to plaintiff. These items brought about the retaliation plaintiff alleges he suffered. In addition, plaintiff asserts that Ms. Huhn possesses documents and information regarding the separation of another employee from state employment.

Plaintiff identifies Shannon Cansler as a former employee at the St. Louis Developmental Disabilities Treatment Center. He states that she was denied the position of program supervisor despite receiving official notice that she was eligible and that someone with less experience was hired in her place. She also possesses knowledge regarding the daily harassment and workplace violence plaintiff faces.

**II.     Legal Standard**

Federal Rule of Civil Procedure 26 sets forth the scope of discovery in general:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

When a party seeks a protective order, "[t]he court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including one or more of the following . . . (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . ." Fed. R. Civ. P. 26(c)(1). The burden is on the movant to show the "good cause" required for issuance of the protective order. Gen. Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973). "To make this showing, the moving party cannot rely on broad or conclusory allegations of harm." Northbrook Digital, LLC v. Vendio Servs., Inc., 625 F. Supp. 2d 728, 757 (D. Minn. 2008) (citing Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981)). "However, 'a showing of irrelevancy of proposed discovery can satisfy the "good cause" requirement of Rule 26(c).'" Shukh v. Seagate Tech., LLC, 295 F.R.D. 228, 237 (D. Minn. 2013) (quotation omitted). "Information is generally discoverable 'unless it is clear that the information sought has no bearing upon the subject matter of the action.'" Id. (quotation omitted). The Eighth Circuit has held, nonetheless, that the proponent of the discovery must make a "threshold showing of relevance . . . before parties are required to open wide the doors of discovery," in order to limit "fishing expeditions in discovery." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). "Evidence is relevant if: (a) it has

any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

### III. Discussion

Defendant objects that it would be burdensome for Ms. Theis, a high-ranking official, to travel to St. Louis for her deposition. In response, plaintiff asserts he will limit the depositions to two hours in length,[2] a concession that does not address the time needed for her to travel. The Court believes that plaintiff should first seek the information he requests form Melisa Theis through interrogatories. See Fed.R.Civ.P. 33. Defendant also objects to the production of employee records. In response, plaintiff has agreed to limit his request to the employees' applications for their last or current positions through the state register and a letter from the Office of Administration indicating that they were eligible for an interview. He agrees that the individuals' social security numbers should be redacted. Plaintiff may request this information through requests for production. See Fed.R.Civ.P. 34. The information plaintiff seeks from Ms. Huhn can likewise be obtained through interrogatories and requests for production. The Court will deny plaintiff's motion with respect to Melisa Theis and Valerie Huhn.

Defendant has not addressed plaintiff's request to depose Ms. Cansler, who allegedly possesses relevant information regarding the hiring practices plaintiff challenges and the working conditions. The Court will grant plaintiff's motion with respect to Shannon Cansler and will direct defendant to make Ms. Cansler available for deposition.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for issuance of subpoenas [Doc. # 64] is **granted in part and denied in part.**

---

[2] Plaintiff initially represented that he would limit depositions to 1.5 hours.

**IT IS FURTHER ORDERED** that defendant will make Ms. Cansler available for deposition at a mutually agreeable time. The deposition will be limited to 1.5 hours in length.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 31st day of January, 2020.