UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PIUS BARIKPOA NWINEE, )
)
    Plaintiff, )
)
  vs. ) Case No. 4:18 CV 1460 (JMB)
)
ST. LOUIS DEVELOPMENTAL )
DISABILITIES TREATMENT CENTERS, )
et al., )
)
    Defendants. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's renewed motion for leave to file an amended complaint. Defendants have filed a response in opposition to the motion. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**I.    Background[1]**

Plaintiff Pius Barikpoa Nwinee, who proceeds *pro se*, has been employed since June 2012 as a Developmental Assistant by defendant St. Louis Developmental Disabilities Treatment Center, a facility under the Missouri Department of Health. He holds a bachelor's degree in criminal justice and criminology and a master's degree. First Amended Complaint ¶¶ 3, 16, 19 [Doc. # 19]. He alleges that he applied for other positions advertised within the state system but was never interviewed. In July 2016, plaintiff protested in writing to the director of the Division of Personnel. Id. ¶¶ 22-23. On October 13, 2017, plaintiff applied for the position of Unit Program Supervisor. He alleges that on November 15, 2017, defendant Melisa Theis, acting

---

[1] The Court accepts the allegations in plaintiff's pleadings as true for the purposes of the present motion.

director of the Office of Administration's Division of Personnel, removed plaintiff's name and application from the state register, thereby denying him the opportunity to be hired for the position of Unit Program Supervisor. Id. ¶¶ 24, 26. In November 2017, another Unit Program Supervisor position was advertised. Plaintiff was not given an opportunity to interview for the position. Id. ¶ 35. On November 20, 2017, Michelle Stach, assistant superintendent of the St. Louis Developmental Disabilities Treatment Center, told plaintiff that he was not eligible for the position because he had not worked as a "habilitation officer." In addition, she told him he had an accent. Id. ¶¶ 28, 30. Plaintiff filed a complaint with the Administrative Hearing Commission, which he subsequently withdrew. Id. ¶¶ 33-34, 36, 40. He also wrote a letter to "Jefferson City" to expose "unethical and unprofessional conduct" that defrauded the State of Missouri by giving "unearned time" to employees. Id. ¶ 38.

Plaintiff alleges that the defendants' conduct was motivated by discrimination on the basis of race and national origin and that he was exposed to a hostile environment. On July 17, 2018, he filed suit in the St. Louis County Circuit Court, asserting claims under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*, and the "Missouri Civil Rights Act." Defendants removed the action to this court, invoking federal question jurisdiction under 28 U.S.C. § 1331.

On October 23, 2018, the Court entered a Case Management Order that established November 15, 2018, as the deadline for amending pleadings or adding parties. [Doc. # 16]. Plaintiff timely filed an amended complaint and added Bellefontaine Habilitation Center as an additional defendant [Doc. # 19], but he never achieved service on the new defendant. See Doc. # 20 (ordering plaintiff to serve new defendant no later than February 13, 2019). On May 16, 2019, plaintiff sought leave to amend his complaint to add new claims under the First Amendment and the Missouri Whistleblower Act and name Bellefontaine Habilitation Center.

[Doc. # 37]. The Court denied plaintiff's motion to add new claims because he failed to show good cause to modify the Case Management Order. [Doc. # 42] (discussing Rule 16(b)'s "good cause" requirement). The Court denied his request to add Bellefontaine Habilitation Center as moot because it was added when he amended his complaint. Plaintiff never filed proof of service on this defendant, however, and so the Court gave him additional time to do so. He failed to comply and, on July 17, 2019, the Court dismissed plaintiff's claims against Bellefontaine Habilitation Center, without prejudice, pursuant to Rule 4(m). [Doc. # 48].

Under the present Case Management Order [Doc. # 67], discovery in this matter will close on April 17, 2020, and dispositive motions will be filed on May 15, 2020. Plaintiff now seeks leave to amend his complaint to add new claims arising from an incident on September 15, 2019, in which he was injured by a resident. Plaintiff alleges that he was discriminated against because he was denied treatment for his injury and defendants refused to conduct an investigation. [Doc. # 69 ¶¶ 14-17]. On December 13, 2019, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging "severe and pervasive retaliatory harassment, retaliatory hostile environment and sex retaliatory discrimination." Id. ¶ 18. Defendants object that amendment of the pleadings at this stage will be highly prejudicial.

**II.     Discussion**

As the Court previously explained, the deadline for amending pleadings in this case expired long ago. In order to amend his pleadings now, plaintiff must satisfy Rule 16's "good cause" standard. Fed.R.Civ.P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008) (quoting Rahn v. Hawkins, 464 F.3d 813,

822 (8th Cir. 2006)). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Id. at 717; see Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003) (affirming the district court's denial of plaintiff's motion to amend her complaint for failure to show good cause); Trademark Med., LLC v. Birchwood Labs., Inc., 22 F. Supp. 3d 998, 1004 (E.D. Mo. 2014) (rejecting plaintiff's argument that new discovery justified late amendment of pleadings). Thus, plaintiff must show that he acted with diligence but still could not reasonably have met the deadline for motions to amend pleadings. Pick v. City of Remsen, 298 F.R.D. 408, 412 (N.D. Iowa 2014)

In his motion, plaintiff states that he wishes to add some facts that he recalled after filing his amended complaint. Clearly, plaintiff cannot show good cause for his failure to include facts that were known to him when he filed his first amended complaint. Plaintiff also claims that he learned new facts during discovery. While newly discovered facts might satisfy Rule 16's good cause requirement, plaintiff has failed to identify those new facts or state when he learned them. Thus, he cannot meet his burden. See id. at 413 (denying leave to amend based on newly discovered facts where plaintiff failed "to connect the dots"). Furthermore, plaintiff's proposed amended complaint largely restates and reorders the allegations in the first amended complaint without adding new facts. Finally, plaintiff wants to add new claims arising from his injury on September 15, 2019. This new claim arose out of a set of facts entirely unrelated to the claims in the first amended complaint and occurred after the filing of the first amended complaint. Allowing the addition of this new claim in this action, which has been pending since July 17, 2018, would be unduly prejudicial to the defendants in this matter and would result in undue

delay of the pending claims.  See Phillips v. Hurley, No. 4:13CV1745 SNLJ, 2015 WL 1311768, at *4 (E.D. Mo. Mar. 24, 2015) (denying motion to add new claim).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to amend the complaint [Doc. # 68] is **denied**.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of March, 2020.